Reba MONISOFF, Plaintiff,

v.

AMERICAN EAGLE INVESTMENTS, INC. and Allen R. Rosenberg, Defendants.

AMERICAN EAGLE INVESTMENTS, INC. and Allen R. Rosenberg, Third-party Plaintiffs,

v.

David MONISOFF and Robert D. Gersh, Third-party Defendants.

No. 96 Civ. 2216 (JSR).

United States District Court, S.D. New York.

Feb. 25, 1997.

Russell K. Statman, New York City, for Reba Monisoff.

Daniel E. Bacine, Barrack, Rodos & Bacine, Philadelphia, PA, Joseph R. Sahid, New York City, Samuel Simon, Jeffrey W. Golan, Barrack, Rodos & Bacine, Philadelphia, PA, for American Eagle Investments, Inc.

Daniel E. Bacine, Barrack, Rodos & Bacine, Philadelphia, PA, for Allen R. Rosenberg.

*MEMORANDUM ORDER*

RAKOFF, District Judge.

Third-party defendant David Monisoff (husband of plaintiff Reba Monisoff) has moved to dismiss the Amended Third–Party Complaint of defendants/third-party plaintiffs American Eagle Investments, Inc. and Allen R. Rosenberg.[1] The gist of the Amended Third–Party Complaint is that David Monisoff is liable for contribution with respect to any adverse judgment that might be entered in the primary action in which plaintiff Reba Monisoff claims that the defendants mismanaged her investment portfolio in violation of the federal securities laws and state common law. Upon consideration of the parties' submissions and the oral argument of February 4, 1997, the Court hereby grants the motion of David Monisoff to dismiss the Third-party Complaint against him.[2]

Although contribution between joint tortfeasors may be available under the federal securities laws, *see, e.g., In re Leslie Fay Companies, Inc. Securities Litig.,* 918 F.Supp. 749 (S.D.N.Y.1996), there can be no claim for contribution where there is no claim or adequate allegation that the third-party defendant himself violated the federal securities laws. *See Department of Economic Development v. Arthur Andersen & Co. (U.S.A.),* 747 F.Supp. 922, 933 (S.D.N.Y. 1990). Here, third-party plaintiffs do not allege that the injuries to plaintiff alleged in the main action were caused, in any way, by a violation of the securities laws by David Monisoff. Rather, third-party plaintiffs rely on other conduct by David Monisoff, none of

1. The motion, initially addressed to the original Third–Party Complaint, was deemed directed to the Amended Third–Party Complaint when the latter was permitted to be filed on February 4, 1997. While substantially similar to the original Third–Party Complaint, the Amended Third–Party Complaint, in so far as it relates to David Monisoff, abandons an indemnification claim made in the original Third–Party Complaint but adds new claims for intentional and negligent misrepresentation and for breach of fiduciary duty (discussed *infra*). The indemnification claim would have failed in any case. *See In re Leslie Fay Companies, Inc. Securities Litig.,* 918 F.Supp. 749, 764 (S.D.N.Y.1996); *Stratton Group*

*Ltd. v. Sprayregen,* 466 F.Supp. 1180, 1185 n. 4 (S.D.N.Y.1979).

2. The Amended Third–Party Complaint, like the initial Third–Party Complaint, also asserts claims against an unrelated party, Robert D. Gersh. In a telephonic conference with counsel on December 2, 1996, the Court severed the claims against third-party defendant Gersh from the underlying action and ruled that any motions relating thereto would be addressed after resolution of the instant case. *See, e.g., McCoy v. Goldberg,* 883 F.Supp. 927, 931 (S.D.N.Y.1995).

which will support contribution under the federal securities laws.

First, third-party plaintiffs emphasize the fact that David Monisoff had "active control over, and participation in, the investment decisions for the account of R[eba] Monisoff." Amended Third-party Complaint, at ¶ 34. But even when coupled with the allegations of plaintiff's own Complaint, this fact in no way makes out a claim under the federal securities laws against David Monisoff. As stated in *Ades v. Deloitte & Touche*, 1993 WL 362364, at *10 (S.D.N.Y. Sept. 17, 1993):

> A claim for contribution under the federal securities laws ... requires a third-party plaintiff to allege all the elements of the offense[,] ... namely that the Third–Party Defendant[ ] either knowingly or reckless[ly] made material misrepresentations to the Plaintiff[ ] on which the Plaintiff[ ] relied in the purchase of the [securities] and which proximately caused loss to the Plaintiff[ ].

No such allegations are made here.

 Furthermore, aside from ¶ 34, *supra*, the allegations of the Amended Third–Party Complaint against David Monisoff are largely conclusory and of no legal effect. More importantly, aside from ¶ 34, there is nothing in the Amended Third–Party Complaint that can possibly be read as alleging a fraud by David Monisoff against plaintiff Reba Monisoff. All that is alleged, at most, is an independent fraud on the third-party plaintiffs. *See* Amended Third-party Complaint, at ¶¶ 37–39, 42–44, 48. This allegation will not support a claim for contribution either, because a "claim for contribution under the federal securities laws must be based on allegations that the third-party defendant violated securities laws, not based on allegations that the third-party defendant[ ] defrauded [the third-party plaintiff]." *Arthur Andersen*, 747 F.Supp. at 934.

While the Amended Third–Party Complaint also includes a claim for contribution as to any judgment that might be obtained by plaintiff on her state law claims, that claim likewise suffers from many of the same deficiencies, *viz,* a failure to adequately plead either that David Monisoff committed those state law offenses or that he committed any cognizable tort against his wife. *See Ades,* 1993 WL 362364, at *10. Additionally, third-party plaintiffs have no basis for asserting a common law right of indemnification in the absence of any express agreement, or special relationship from which such an agreement could be implied, between third-party plaintiffs and David Monisoff. *See In re Del–Val Fin. Corp. Securities Litig.,* 868 F.Supp. 547, 553 (S.D.N.Y.1994).

Finally, the "non-contribution" claims added to the Amended Third–Party Complaint and purporting to sound in intentional and negligent misrepresentation and breach of fiduciary duty prove, on inspection, to be simply artfully pleaded repetitions of the defective contribution claims. *See Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Moreover, the misrepresentation claims fail to allege the supposed misrepresentations with the necessary specificity, and the fiduciary breach claim alleges at most only a breach of duty to plaintiff that cannot give rise to a cause of action by the third-party plaintiffs.

For the foregoing reasons, the motion of third-party defendant David Monisoff to dismiss the Amended Third–Party Complaint as to him is hereby granted. As this case has been reassigned to the Honorable Barbara S. Jones, U.S.D.J., effective March 1, 1997, all future communications relating to the case should be directed to Judge Jones.

SO ORDERED.